ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 6 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| IVORY L. TEALER, JR. | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-05-CV-0420-B |
| ED WALTON | § § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil action brought by Plaintiff Ivory L. Tealer, Jr., an inmate in the Kaufman County Jail, against District Attorney Ed Walton. On March 1, 2005, plaintiff tendered a *pro se* complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on April 27, 2005. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

## II.

Plaintiff is awaiting trial on charges of delivery of marijuana and failure to appear in court on a prior drug charge. According to plaintiff, the prior drug case was dismissed in October 2004. Plaintiff further maintains that the dismissal of that case extinguished his obligations under the bail bond. By this suit, plaintiff seeks an order "giv[ing] me relief from the previously dismissed delivery of marijuana charge and the associated bail jumping charge." (Plf. Compl. at 4, ¶ VI).

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff seeks an order compelling Kaufman County District Attorney Ed Walton to dismiss all pending charges against him. However, federal courts have no authority to direct state courts or judicial officers in the performance of their official duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973), *citing Lamar v. 118th Judicial District Court*, 440 F.2d 383 (5th Cir. 1971); *Bagley v. Francis*, 2002 WL 31261040 at *1 (N.D. Tex. Oct. 7, 2002). This prohibition also applies to state prosecutors. *Lewis v. Texas*, 2001 WL 1075827 at *1 (5th Cir. Aug. 21, 2001). Consequently, plaintiff's claim is without an arguable basis in law and should be summarily dismissed.[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

DATED: May 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent plaintiff seeks an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). However, it does not appear that plaintiff has exhausted his state remedies by presenting the factual and legal basis of his claim to the Texas Court of Criminal Appeals in an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (*Spears* Quest. #4). Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).